IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DELTON LEE HENDRIX, ) | |
| ID # 1372186, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:11-CV-3259-M-BH |
| ) | |
| DALLAS COUNTY DOCTOR OFFICE, ) | |
| et. al, ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, plaintiff's writ of mandamus should be **DISMISSED** as frivolous.

**I. BACKGROUND**

Plaintiff, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed this *pro se* action on October 25, 2011. He seeks to have this Court order the 204th Criminal District Court of Dallas County, the Dallas County Jail, a Dallas County doctor, and a doctor at Vernon State Hospital to forward his medical records to the prison unit where he is incarcerated so that he may receive appropriate treatment for paranoia. (doc. 3 at 1-3). Based on the relief sought, his initial filing is construed as a petition for writ of mandamus. (doc. 5). No process has been issued.

**II. PRELIMINARY SCREENING**

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from a government entity, or officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is

proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).[1]  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III.  MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).  Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to

---

[1] The Fifth Circuit Court of Appeals has held that "a writ of mandamus 'is not an independent civil action, but may be considered as a type of appeal.'" *In re Crittenden*, 143 F.3d 919, 920 (5th Cir. 1998) (quoting *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)).  When a writ of mandamus is filed by a prisoner seeking to proceed *in forma pauperis*, "the nature of the underlying action" determines the applicability of the Prison Litigation Reform Act ("PLRA"). *Id.*; *In re Stone*, 118 F.3d at 1034.  Because the underlying action for this case is civil in nature, petitioner is subject to the provisions of the PLRA. *See In re Crittenden*, 143 F.3d at 920 (recognizing that the PLRA applies to civil actions).

perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought," however. *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973). This Court therefore lacks power to order the defendants to forward plaintiff's medical records to the state prison unit. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state courts in the performance of their duties); *Toney v. Fitzsimmons*, 2008 WL 495796 (N.D. Tex. Feb. 21, 2008) (dismissing as frivolous a petition for writ of mandamus seeking to compel county and state clerks to file and answer a state filing); *Garner v. Scott*, 2007 WL 2255301 (N.D. Tex. Aug. 7, 2007 (dismissing as frivolous a petition for writ of mandamus seeking to compel Dallas County employees to provide certified copies of state criminal cases).

## IV. RECOMMENDATION

This action for writ of mandamus should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED on this 3rd day of January, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Section 1915(g), which is commonly known as the "three-strikes" provision, provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                      IRMA CARRILLO RAMIREZ
                                      UNITED STATES MAGISTRATE JUDGE

4